CRAIG *v.* STATE.

(Division B.  March 11, 1935.)

[160 So. 284. No. 31576.]

**W. C.** and **J. O. Eastland**, of Ruleville, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

Argued orally by **W. C. Eastland,** for appellant, and by **W. D. Conn, Jr.,** for the state.

**Ethridge, P. J.,** delivered the opinion of the court.

Appellant, Richard Craig, was indicted for murder and convicted of manslaughter of one George Rawls, and sentenced to serve five years in the penitentiary, from which he appeals.

It appears that on the night prior to the killing, George Rawls, the deceased, went to the home of the appellant and was guilty of vicious conduct, having whipped appellant and his sister, who lived with appellant and his wife, and otherwise misbehaved.

The appellant was hostler on the plantation of Mrs. Kimbrough in Sunflower county, and, on the morning of the killing, two sons of the deceased and a third party came to the barn where the appellant was working and wanted some farm implements, and they testified that Craig had a pistol and stated that if he had had it the night before he would have used it on the deceased. The two sons of the deceased and the third party undertook to and did take the pistol away from the appellant, and during the scuffle appellant's wife and mother ran out screaming, one having an axe and the other a fork, to aid the appellant.

The deceased came from the field during this mêlée and took the pistol from his sons who had taken it from the appellant, and ordered them back to the field. According to some of the evidence, the deceased was approaching the appellant, and according to other evidence, he was approaching the house, when the appellant seized the pistol, which the deceased had placed in his pocket, and shot. The evidence is conflicting just how the shooting occurred. According to the state's evidence, the appellant approached the deceased from behind and seized the pistol and, as the deceased faced him, shot him in the side, and continued to shoot until he was killed, shooting him four times. According to the testimony of the appellant, he grabbed the pistol from the deceased, who made a move as though he was drawing another weapon, and appellant then shot him and continued to shoot until four shots were fired, from which George Rawls died.

In our opinion, it is not necessary to go into the details of the killing and what subsequently occurred. It is sufficient to state that we have carefully examined the record in all its aspects, including the instructions of the court, and we think there is no reversible error. The jury was warranted in finding the appellant guilty of manslaughter. The judgment of the court below will, therefore, be affirmed.

Affirmed.